DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Giana P. La Monica, | ) | |
| | ) | CASE NO. 5:06 CV 1923 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NaphCare, Inc., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Before the Court is defendants' motion for summary judgment (Doc. No. 17) and plaintiff's memorandum in opposition (Doc. No. 19). Along with her memorandum in opposition to the motion, plaintiff also filed a motion for leave to amend the complaint and to remand. (Doc. No. 18).

The Court grants defendants' motion for summary judgment on the Family and Medical Leave Act claim and remands the case to the Summit County Court of Common Pleas. Plaintiff's motion to amend is denied as moot.

## I. BACKGROUND

This action was filed on July 18, 2006 in the Summit County Court of Common Pleas and removed to this Court on August 11, 2006 because the complaint stated a claim under the Family and Medical Leave Act ("FMLA"). The complaint also set forth claims of handicap discrimination and retaliation solely under state law. Plaintiff was subsequently directed to file an amended complaint, which she did. See Doc. No. 11. The amended complaint contains the same three claims: one federal and two state.

(5:06 CV 1923)

Plaintiff alleges that she was employed by defendant Naphcare, Inc. as a Licensed Practical Nurse from October 1, 2004 to about January 19, 2006 when her employment was terminated.  Naphcare provides inmate medical services and had a contract with Summit County to provide such services at the Summit County Jail.  Defendant Raines was plaintiff's direct supervisor.

On September 25, 2006, the Court conducted the Case Management Conference and decided to delay all proceedings until it could be assured that there was a viable FMLA claim.  Defendant Naphcare, Inc. had argued at the CMC that it did not have enough employees to be covered by the Family and Medical Leave Act.  Defendant Rebecca Raines argued that she is not an employer within the meaning of the Act.

## II.  DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate only when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The Court does not "weigh the evidence and determine the truth of the matter but . . . determine[s] whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A genuine issue for trial exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  Id. at 252.

(5:06 CV 1923)

## **B.  Analysis**

"In order to establish an FMLA interference claim, a plaintiff must demonstrate that: (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled."  Killian v. Yorozu Automotive Tennessee, Inc., 454 F.3d 549, 556 (6th Cir. 2006) (citing Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005)).

A person is an "eligible employee" under the FMLA if she is "employed (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period."  29 U.S.C. § 2611(2)(A).  There is no dispute that plaintiff fits this part of the definition.

An exclusion to the definition exists, however, if the plaintiff is employed "at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."  29 U.S.C. § 2611(2)(B)(ii).  If that is the case, she is not an "eligible employee" within the meaning of the FMLA.

Attached to defendants' motion is the affidavit of Alex Goldsmith and several evidentiary documents.  These clearly establish that Naphcare employed at most 33 employees during the relevant time frame of January 1, 2006 through January 18, 2006.  Plaintiff concedes this fact. Therefore, the exclusion applies to take the alleged fact pattern out of the coverage of the FMLA.

(5:06 CV 1923)

As a result, defendants are entitled to summary judgment in their favor on Count One of the Amended Complaint.

### III.  CONCLUSION

Because it is undisputed that the defendant Naphcare, Inc. does not employ the requisite number of employees to be covered by the Family and Medical Leave Act, defendants are entitled to summary judgment on Count One of the Amended Complaint.  Therefore, Doc. No. 17 is granted.

With that count resolved, the Amended Complaint contains only two state law claims over which this Court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction.  These remaining claims will be remanded to the Summit County Court of Common Pleas.

Plaintiff's motion for leave to amend (Doc. No. 18) is denied as moot.

IT IS SO ORDERED.


  January 8, 2006                               *s/ David D. Dowd, Jr.*
Date                                              David D. Dowd, Jr.
                                                  U.S. District Judge

4